Justice Jim Rice, concurring.
¶ 18 I concur in the outcome the Court has reached but not in all of its reasoning.
¶ 19 The Court states § 26-1-803(1), MCA, "precludes an attorney from being examined." Opinion, ¶ 14. This is an overbroad rendering of the statute, which does not stop after the word "examined." Rather, it precludes an attorney from being examined only about certain subjects, namely, "as to any communication made by the client to the attorney or the advice given to the client in the course of professional employment." Section 26-1-803(1), MCA. Thus, the statute may not foreclose an attorney from being questioned, for example, about a life-and-death emergency involving the client, because the attorney may be able to provide helpful information that does not conflict with the statute.
¶ 20 My concern in this case is the statute's prohibition on examination of an attorney about "the advice given to the client." During oral argument, the State indicated that it wanted to ask Sweeney two questions. The first question was whether she had communicated the **230 date of the final pretrial conference to McClanahan. I do not believe this to be legal advice. Our judicial system requires lawyers, as part of their duty of representation, to convey notice of court proceedings to their clients. If courts could not depend on this, service of notice would be required to be made personally upon all clients for all matters in every case. Consequently, it would be appropriate to ask McClanahan whether she had fulfilled this judicial function. Thus, I disagree with the Court's conclusion that all the "statements from counsel to client in this case constituted 'advice given' for purposes of § 26-1-803(1), MCA." Opinion, ¶ 14. In my view, this was a permissible inquiry.
¶ 21 However, at oral argument the State indicated it wanted to go further, and ask a second question-whether Sweeney had told McClanahan that he needed to attend the final pre-trial conference. An attorney's communication *192 about a client's attendance at a proceeding, including whether, for whatever reason, the client should risk violating a release condition, falls into the realm of legal advice. For that reason, I believe the State's proposed inquiry here was prohibited by the statute.
¶ 22 I concur.